UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH C. MALFITANO,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN HEWITT, et al.,<br><br>Defendants. | Case No. 16-cv-05339-MEJ<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915(E)(2)** |

## INTRODUCTION

On September 16, 2016, pro se Plaintiff Joseph C. Malfitano ("Plaintiff") filed a Complaint and an Application to Proceed In Forma Pauperis. Compl., Dkt. No. 1; Appl., Dkt. No. 2.[1] The Court granted Plaintiff's Application to Proceed In Forma Pauperis; screened the Complaint sua sponte under 28 U.S.C. § 1915(e)(2); and dismissed Plaintiff's Complaint, with leave to amend. *See* Order, Dkt. No. 7. Plaintiff filed an Amended Complaint. *See* First Am. Compl. ("FAC"), Dkt. No. 8. Because Plaintiff continues to proceed in forma pauperis, the Court screens the Amended Complaint anew. For the reasons stated below, the Court once more **DISMISSES** the Amended Complaint, with leave to amend.

**SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(E)(2)**

**A.     Legal Standard**

The Court must dismiss the Amended Complaint if it is frivolous, fails to state a claim

---

[1] Plaintiff also consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). *See* Dkt. No. 6. Defendant has not been served yet in this matter, and therefore has not yet consented to or declined the jurisdiction of a Magistrate Judge. As such, Defendant is not a party to the suit within the meaning of 28 U.S.C. § 636(c), and the Court may screen the Complaint. *See Williams v. Oakland Police Dep't*, 2015 WL 5355393, at *1 (N.D. Cal. Sept. 14, 2015); *Levy v. United States*, 2012 WL 1439047, at *1 (N.D. Cal. Apr. 25, 2012).

1  upon which relief can be granted, or seeks monetary relief against a defendant who is immune
2  from such relief.  28 U.S.C. § 1915(e)(2)(B).  To make this determination, courts assess whether
3  there is a factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v.*
4  *Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984) (quotation omitted).  Pro se pleadings are
5  liberally construed.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Moreover, the
6  Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no
7  request to amend the pleading was made, unless it determines that the pleading could not possibly
8  be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).
9  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff
10 proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.
11 *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

12 **B.     Allegations in the Original Complaint and Court Order Dismissing Same**

13        In the Original Complaint, Plaintiff named as Defendants the City of Antioch (the "City"),
14 Antioch Police Department ("APD") Chief of Police Allen Cantando, APD Detective Brian
15 Hewitt, and 50 Doe APD officers.  Compl. ¶¶ 6-9.  He asserted seven causes of action: (1)
16 violations of federal constitutional rights pursuant to 42 U.S.C. § 1983 against Detective Hewitt;
17 (2) municipal and supervisory liability claims against the City and Chief Cantando under 42
18 U.S.C. § 1983; (3) negligence against all Defendants; (4) violations of constitutional rights under
19 California Civil Code § 52.1 against all Defendants; (5) false imprisonment against Detective
20 Hewitt; (6) intentional infliction of emotional distress against Detective Hewitt; and (7) negligent
21 infliction of emotional distress against Detective Hewitt.  *Id.* ¶¶ 28-67.

22        The Court screened the Original Complaint and found the events giving rise to Plaintiff's
23 claims were unclear.  *See* Order at 3.  The Court dismissed the Complaint for failure to state a
24 claim.  Specifically, the Court found (1) the Complaint did not adequately explain the events
25 giving rise to Plaintiff's claims; (2) it was unclear whether Plaintiff had timely presented his
26 claims under California's Tort Claims Act, Cal. Gov't Code sections 910 et seq.; and (3) to the
27 extent Plaintiff was challenging a state court judgment, that claim would be barred under the
28 *Rooker-Feldman* doctrine.  Order at 3-5.  The Court granted Plaintiff leave to amend to address the

United States District Court
Northern District of California

deficiencies in his pleading. *Id.* at 5.

### C. Amended Complaint

Plaintiff's FAC consists of: (1) a two-page narrative of events; (2) a two-page calculation of damages; (3) a document showing the charges for which Plaintiff was booked from on June 5 and released June 10 (Ex. A); (4) screenshots of pictures and text messages dated between June 10, 2015 through June 25, 2015, which Plaintiff contends were exchanged between his wife and APD Officer Defendant Hewitt (Ex. B); (5) a copy of a letter from the City denying Plaintiff's claim as untimely (Ex. C); (6) a copy of February 26, 2016 Felony and Misdemeanor Clerk's Docket and Minutes from the Superior Court of California with a number of boxes checked, which Plaintiff alleges demonstrates his motion to dismiss a probation violation petition was granted and his probation was reinstated (Ex. D); (7) a copy of "Antioch Police Briefs" on the East County Today website regarding an incident that occurred on June 4, 2015 (Ex. E); and (8) a copy of an APD event report relating to an incident that occurred on June 4, 2015 (Ex. F). *See* FAC.

In his narrative (FAC at 2), Plaintiff alleges "the Antioch police" raided his home at gunpoint, arrested him "with multiple firearm charges," and then held him for six days before he was allowed to see a judge. Because he was placed on a "no bail hold," the judge refused to release Plaintiff on his own recognizance but set bail at $15,000. *Id*. Plaintiff was released when his wife bailed him out that day. *Id*. After Plaintiff missed a court date, a bench warrant was issued. *Id*. "Concord police" picked Plaintiff up on the bench warrant several months later and arrested him. *Id*. Plaintiff was in jail "another day and a half or two." *Id*. Plaintiff alleges the District Attorney filed a motion for probation violation based on the charges for which Plaintiff was arrested, that Plaintiff's attorney filed a Pitchess Motion, and that the District Attorney then dismissed the charges against Plaintiff. Plaintiff represents "the Pitchess motion provided evidence that the Antioch detective assigned to my case started to mess around with my wife and booked evidence against me." *Id*.

The Antioch Police Briefs report that Plaintiff was arrested at his home after he brandished a gun at his wife and daughter in a parking lot on June 4, 2015, threatening to kill them and himself. FAC, Ex. E. Plaintiff alleges the website's account is based on a false police report.

FAC at 2. He attaches an APD event report regarding the June 4, 2015 incident to the FAC. *Id.*, Ex. F. The APD event report and another document Plaintiff attaches to the FAC suggest Plaintiff was arrested the following day and jailed through June 10, 2015. *Id.*, Exs. A & E. Plaintiff does not state whether the arrest he describes in the narrative relates to the June 4, 2015 incident.

Plaintiff alleges a detective was contacting Plaintiff's wife frequently by text message "while there was an ongoing criminal action against" him; he also attaches to the FAC screenshots of text messages he alleges were exchanged between Detective Hewitt and Plaintiff's wife in June 2015. *See* FAC at 2 & Ex. B. Plaintiff further alleges the "assigned detective was freely removing evidence from the Antioch police locker and giving it to [Plaintiff's] wife." FAC at 2; *see also id.* ("I have proof that the detective in question, in his own words, said that he went into the Antioch police evidence locker to get my wallet and pulled out a $400 Macys [sic] gift card that was mine, at my wife's request and delivered it to her at her residence."). He contends the detective frequently made up reasons to come see Plaintiff's wife at her residence. It appears Plaintiff and his wife were separated at this point, and the detective's text messages and visits took place "while [Plaintiff] was trying to get back together and smooth things out with [his wife.]" *Id.*

Plaintiff refers to a "shooting investigation" he had "nothing to do with" and which he contends "the same detective" was trying to frame Plaintiff for the shooting "[a]nd/or just making up reasons to come see [Plaintiff's] wife while on duty." *Id.*

Plaintiff provides no additional facts regarding Defendants Police Chief Cantando or the City. He also fails to reassert any of the legal claims he included in the original Complaint.

**D.     Analysis and Screening**

Federal Rule of Civil Procedure 8 requires Plaintiff to provide a "short and plain statement" of the claims, but "more than an unadorned, the defendant-unlawfully-harmed-me accusation" to help the Court logically connect how the defendant caused Plaintiff's injury and show what claims for relief exist. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). "[A] plaintiff's obligation to provide the 'grounds' for . . . 'entitlement to relief' requires more than labels and conclusions . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's FAC still fails to meet that standard.

As an initial matter, the FAC violates Local Rule 10-1 ("Any party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference.").[2] Instead of restating his claims and providing additional allegations, Plaintiff appears to be supplementing the original complaint with his narrative and attachments. This is improper; an amended complaint must stand alone. The Court only screens the Amended Complaint.

The Amended Complaint fails to clarify Plaintiff's allegations of wrongdoing against the three named Defendants. In his narrative, Plaintiff alleges he was arrested at his home at gunpoint by APD, and also attaches a police report detailing a June 4, 2015 incident in a parking lot. He alleges the parking lot incident did not take place. Plaintiff alleges Detective Hewitt[3] inappropriately commenced a relationship with Plaintiff's wife, and removed a Macy's card from Plaintiff's wallet to give it to Plaintiff's wife while Plaintiff's wallet was being held in evidence by the police. The text messages and visits Plaintiff alleges took place between his wife and Detective Hewitt appear to have occurred after Plaintiff's arrest and after the June 4, 2015 incident. Moreover, in the Claim Plaintiff presented to the City, he alleges he "was arrested. Since the arrest, the district attorney p[u]rsued a probation revocati[on] action . . . while Detective B. Hewitt . . . began a[n] inappropriate intimate relationship with . . . [Plaintiff]'s wife, that he failed to disclose to the district attorney or his superiors." FAC, Ex. C at 4. Plaintiff alleges in the FAC that Detective Hewitt was investigating a "shooting incident," but does not explain what the shooting incident was; whether the shooting incident refers to the June 4, 2015 incident; or how that shooting incident relates to his claims.

It is not clear from the narrative how Detective Hewitt's relationship with Plaintiff's wife relates to his claims. Plaintiff contends alternatively that Detective Hewitt was trying to frame Plaintiff and/or was trying to visit Plaintiff's wife, but he does not allege Detective Hewitt arrested

---

[2] The Court's Local Rules are available at http://www.cand.uscourts.gov/localrules/civil.

[3] Although Plaintiff does not specifically identify Detective Hewitt by name in the FAC, he annotates the exhibit containing the screenshots of text messages to identify messages he contends were sent by or to Detective Hewitt's phone number. *See* FAC, Ex. B.

5

1    him, caused the District Attorney to attempt to revoke his probation, or filed a false police report
2    regarding the June 4, 2015 incident.  Plaintiff's allegations fail to clearly articulate how Detective
3    Hewitt violated Plaintiff's rights.  Nor does the FAC clearly identify Plaintiff's asserted claims.
4    The FAC also does not address either Defendant Cantando or the City.  Plaintiff therefore has
5    failed to clarify the basis upon which he would hold Defendants Cantando and City of Antioch
6    liable under any theory.  Without more clearly articulated statements about how each Defendant
7    violated Plaintiff's rights and when, the Court cannot at this point assess whether Plaintiff is
8    capable of stating a claim upon which relief may be granted.

9    In its Order dismissing the Original Complaint, the Court also explained it was unclear
10   whether Plaintiff's claims are timely under California's Tort Claims Act, Cal. Gov't Code sections
11   910 et seq.  Under section 911.2(a), claimants must present claims to government entity
12   defendants within six months after the accrual of the cause of action.  A complaint against a public
13   entity must allege facts demonstrating either that a claim was timely presented or that compliance
14   with the claims statute is excused.  *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 209 (2007),
15   *as modified* (Oct. 10, 2007) (quotations omitted).  Plaintiff attaches to the FAC the City's Notice
16   of Untimely Claim, which states Plaintiff did not timely present his claim to the City.  *See* FAC,
17   Ex. C at 1.  The Court accordingly may consider the notice.  *See United States v. Ritchie*, 342 F.3d
18   903, 908 (9th Cir. 2003) (court may consider documents attached to complaint as part of
19   complaint (citing Fed. R. Civ. P. 10(c)).  Plaintiff argues the notice was timely because it was
20   presented within six months of the dismissal of his criminal case involving Hewitt, which occurred
21   on February 26, 2016.  *See* FAC, Ex. C.  But a cause of action generally accrues when it is
22   "complete with all of its elements"—those elements being "wrongdoing, harm, and causation."
23   *Pooshs v. Philip Morris USA, Inc.*, 51 Cal. 4th 788, 797 (2011) (citation omitted); *see also Knox v.*
24   *Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (holding that under federal law a civil rights "claim
25   accrues when the plaintiff knows or has reason to know of the injury which is the basis of the
26   action." (citation omitted)).  Plaintiff's harm did not necessarily accrue when "the criminal case
27   involving Hewitt" was dismissed—rather, it would have accrued when Plaintiff knew or had
28   reason to know Detective Hewitt injured him, and when Plaintiff was harmed by that injury.  *See*

1   *id*.  Given the lack of clarity of Plaintiff's allegations, the Court cannot ascertain from the FAC
2   when Plaintiff's claims accrued and whether his claim presentation and this action are timely.
3   Because timely claim presentation is "a condition precedent to plaintiff's maintaining an action
4   against defendant" and "thus an element of the plaintiff's cause of action," *Shirk*, 42 Cal. 4th at
5   209, if Plaintiff did not timely present his claims to the City, those claims shall be barred.  *See City*
6   *of Stockton v. Super. Ct.*, 42 Cal. 4th 730, 737-38 (2007) ("[F]ailure to timely present a claim for
7   money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity.").
8   Plaintiff must allege facts showing why his claims were timely presented to the City.

9         In sum, the Court finds that the FAC fails to state a claim upon which relief can be granted
10  by this Court.  Because the Court cannot determine whether Plaintiff's claims are necessarily
11  futile, it will grant Plaintiff one more opportunity to amend to clarify the facts giving rise to his
12  claims and to cure the defects in his Original Complaint and in the FAC.

## CONCLUSION

14        Based on the analysis above, the Court **DISMISSES** the FAC **WITH LEAVE TO**
15  **AMEND**.  Plaintiff must file a second amended complaint no later than January 12, 2017.  <u>Failure
16  to file an amended complaint by January 12, 2017 may result in dismissal of this case for failure to
17  prosecute.</u>  The Court will screen any amended complaint to ensure it state a claim upon which
18  relief can be granted; the Court will evaluate any amended complaint based on the standards
19  articulated in this Order, as well as on any other bases that become applicable based on the
20  amendment.  Plaintiff must follow the requirements of Local Rule 10-1 and file a pleading that
21  sets forth all the factual and legal bases for his claims, without incorporating prior pleadings such
22  as his Original Complaint or his Amended Complaint.

23        Additionally, as Plaintiff is proceeding pro se, the Court encourages Plaintiff to seek
24  assistance from the Legal Help Center, a free service offered by the Justice & Diversity Center of
25  the Bar Association of San Francisco, by calling 415-782-8982 or by signing up for an
26  appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate
27  Avenue, San Francisco, California.  There is also a Legal Help Center in Oakland, located on the
28  4th Floor, Room 470S, of the Federal Courthouse, 1301 Clay Street, Oakland.  At the Legal Help

1   Center, you will be able to speak with an attorney who may be able to provide basic legal help but
2   not representation.  More information is available at http://cand.uscourts.gov/helpcentersf.
3   **IT IS SO ORDERED.**

5   Dated: December 14, 2016

_____

MARIA-ELENA JAMES
United States Magistrate Judge