UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH C. MALFITANO,<br><br>   Plaintiff,<br><br>  v.<br><br>BRIAN HEWITT, et al.,<br><br>   Defendants. | Case No. 16-cv-05339-MEJ<br><br>**ORDER SCREENING SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 13 |

## INTRODUCTION

Plaintiff Joseph Malfitano ("Plaintiff") filed his original complaint on September 16, 2016. *See* Compl., Dkt. No. 1. As Plaintiff was proceeding in forma pauperis, the Court screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2). The Court dismissed the Complaint with leave to amend. *See* First Screening Order, Dkt. No. 7. The Court also dismissed the Amended Complaint ("FAC"), also with leave to amend. *See* FAC, Dkt. No. 8; Second Screening Order, Dkt. No. 11. Plaintiff filed a Second Amended Complaint ("SAC") on January 12, 2017. SAC, Dkt. No. 13.

Because Plaintiff continues to proceed in forma pauperis, the Court screens the Amended Complaint anew. For the reasons stated below, the Court **DISMISSES** Plaintiff's SAC with leave to amend.

## BACKGROUND

**A. The Original Complaint**

In dismissing the original Complaint, the Court observed that

> [t]he events that give rise to Plaintiff's claims are unclear. Plaintiff vaguely reference a Report by the Antioch Police Department relating to a domestic dispute involving "a man with a gun threatening a wom[a]n" who appears to be Plaintiff's wife. He alleges the "district attorney of Contra Costa County used the Report to violate [Plaintiff's] probation." Plaintiff further alleges Detective Hewitt became "intimate with the material witness identified in the

> Report"—Plaintiff's wife.  Plaintiff contends "Detective Hewitt's intimate contact with [his wife] . . . calls into question the entire arrest and his supplemental investigation."  Plaintiff does not explain which arrest he refers to, although it appears the officers arrested him at some point as he later alleges officers made false arrests and used excessive force against him.  Plaintiff appears to allege these events are all connected to a "probation revocation" proceeding against Plaintiff, but it is unclear precisely how they are connected.

*Id*. at 2-3 (internal citations to Compl. omitted).  In other words, the Complaint did not adequately explain the events giving rise to Plaintiff's claims: "Without more clearly articulated statements about how each Defendant violated Plaintiff's rights and when, the Court c[ould ]not . . . assess whether Plaintiff [was] capable of stating a claim upon which relief may be granted." *Id*. at 3.  Without a clearer description, the Court also could not assess whether Plaintiff's claims were timely under California's Tort Claims Act ("CTCA"), Cal. Gov't Code §§ 910, et seq. *Id*.  The Court accordingly dismissed the Complaint, but gave Plaintiff leave to amend.

**B.     First Amended Complaint**

In the FAC, Plaintiff alleged:

> "[T]he Antioch police" raided his home at gunpoint, arrested him "with multiple firearm charges," and then held him for six days before he was allowed to see a judge.  Because he was placed on a "no bail hold," the judge refused to release Plaintiff on his own recognizance but set bail at $15,000.  Plaintiff was released when his wife bailed him out that day.  After Plaintiff missed a court date, a bench warrant was issued.  "Concord police" picked Plaintiff up on the bench warrant several months later and arrested him.  Plaintiff was in jail "another day and a half or two."  Plaintiff alleges the District Attorney filed a motion for probation violation based on the charges for which Plaintiff was arrested, that Plaintiff's attorney filed a Pitchess Motion, and that the District Attorney then dismissed the charges against Plaintiff. Plaintiff represents "the Pitchess motion provided evidence that the Antioch detective assigned to my case started to mess around with my wife and booked evidence against me."
>
> The Antioch Police Briefs [a copy of which Plaintiff had attached to the FAC] report that Plaintiff was arrested at his home after he brandished a gun at his wife and daughter in a parking lot on June 4, 2015, threatening to kill them and himself.  Plaintiff alleges the website's account is based on a false police report.  He attaches an [Antioch Police Department ("APD")] event report regarding the June 4, 2015 incident to the FAC.  The APD event report and another document Plaintiff attaches to the FAC suggest Plaintiff was arrested the following day and jailed through June 10, 2015.  Plaintiff does not state whether the arrest he describes in the

> narrative relates to the June 4, 2015 incident.
>
> Plaintiff alleges a detective was contacting Plaintiff's wife frequently by text message "while there was an ongoing criminal action against" him; he also attaches to the FAC screenshots of text messages he alleges were exchanged between Detective Hewitt and Plaintiff's wife in June 2015. Plaintiff further alleges the "assigned detective was freely removing evidence from the Antioch police locker and giving it to [Plaintiff's] wife." ("I have proof that the detective in question, in his own words, said that he went into the Antioch police evidence locker to get my wallet and pulled out a $400 Macys [sic] gift card that was mine, at my wife's request and delivered it to her at her residence."). He contends the detective frequently made up reasons to come see Plaintiff's wife at her residence. It appears Plaintiff and his wife were separated at this point, and the detective's text messages and visits took place "while [Plaintiff] was trying to get back together and smooth things out with [his wife.]"
>
> Plaintiff refers to a "shooting investigation" he had "nothing to do with" and which he contends "the same detective" was trying to frame Plaintiff for the shooting "[a]nd/or just making up reasons to come see [Plaintiff's] wife while on duty."
>
> Plaintiff provides no additional facts regarding Defendants Police Chief Cantando or the City. He also fails to reassert any of the legal claims he included in the original Complaint.

Second Screening Order at 3 (internal citations to FAC omitted).

The Court observed Plaintiff's FAC violated Local Rule 10-1 because, instead of restating his claims and providing additional allegations in a new pleading, he attempted to incorporate the original Complaint by reference into the FAC. *Id*. at 5. The Court further found that the FAC failed to clarify Plaintiff's allegations against the three named Defendants. Plaintiff alleged Detective Hewitt began an inappropriate relationship with Plaintiff's wife, but does not explain how that relationship relates to his claims. *Id*. at 5-6 ("Plaintiff contends alternatively that Detective Hewitt was trying to frame Plaintiff and/or was trying to visit Plaintiff's wife, but he does not allege Detective Hewitt arrested him, caused the District Attorney to attempt to revoke his probation, or filed a false police report regarding the June 4, 2015 incident. Plaintiff's allegations fail to clearly articulate how Detective Hewitt violated Plaintiff's rights."). The Court noted the FAC did not address either Defendant Cantando or the City. *Id*. at 6. Finally, the Court found that, once again, it could not ascertain when Plaintiff's claims accrued and whether he complied with the CTCA. *Id*. at 7. The Court accordingly dismissed the FAC, and granted Plaintiff leave to amend. *Id*.

3

**C.     The Second Amended Complaint**

The SAC is largely unchanged from the original complaint, which the Court found deficient. In the SAC, Plaintiff makes the following factual allegations:

On June 4, 2015, Plaintiff "was booked on various fire arm charges due to knowingly false allegations, and wrongfully held on a 'no bail' hold for six days against his will." SAC ¶ 2. Plaintiff was arrested during a raid of his home by APD "with no search warrant." *Id*. The raid took place "based on false allegations with no merit." *Id*. ¶ 14. Plaintiff was booked on nine felony firearm charges but never had a gun. *Id*. ¶ 14. As a result of the charges, the Contra Costa County District Attorney deemed Plaintiff's probation violated and prosecuted Plaintiff for violating his probation. *Id*. ¶¶ 14-15.

After the Contra Costa County District Attorney began prosecuting the probation violation, Defendant Detective Hewitt began to pursue an inappropriate relationship with Plaintiff's wife. *Id*. ¶ 15. At the behest of Plaintiff's wife, Hewitt retrieved a Macy's gift card from Plaintiff's wallet, which APD held in evidence. *Id*.

On February 26, 2016, the District Attorney dismissed the case "because there was also no evidence that a probation violation ever occurred." *Id*.

Plaintiff filed a CTCA claim with the City of Antioch on March 7, 2016. *Id*. ¶ 3. The City of Antioch denied Plaintiff's claim as untimely. *Id*. ¶ 4.

The City of Antioch and Cantando allegedly breached their duty of care by failing to discipline Hewitt for his misconduct. *Id*. ¶ 19.

Plaintiff also alleges, conclusorily, that the APD engaged in a repeated pattern and practice of making improper arrests and using excessive force against himself and others (*id*. ¶ 21); that as a result of APD's policies, patterns and practices, Plaintiff's constitutional rights were violated (*id*. ¶ 22).

Based on these allegations, Plaintiff names three defendants: Detective Brian Hewitt ("Hewitt"), APD Chief Allan Cantando ("Cantando"), and the City of Antioch ("Antioch"). He also alleges that Does 1-50 participated in the deprivation of his rights.

He asserts a 42 U.S.C. § 1983 claim against Hewitt based on the right to be free from

4

unreasonable search and seizure and excessive force and the right not to be deprived of liberty without due process of law. *Id*., First Cause of Action. He asserts a Section 1983 claim against Antioch and Cantando for failure to supervise, ratifying unconstitutional actions of APD officers, covering up wrongdoings by officers, and having a policy or custom to inadequately investigate citizen complaints and claims of police misconduct. *Id*., Second Cause of Action.[1]

Plaintiff alleges his CTCA claim accrued the day the case against him was dismissed because there was no evidence that a probation violation ever occurred, because that "is officially when all damages finally accrued." *Id*. ¶ 2.

## LEGAL STANDARDS

### A. Federal Pleading Standard

Federal Rule of Civil Procedure 8 requires Plaintiff to provide a "short and plain statement" of the claims, but "more than an unadorned, the defendant-unlawfully-harmed-me accusation" to help the Court logically connect how the defendant caused Plaintiff's injury and show what claims for relief exist. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). "[A] plaintiff's obligation to provide the 'grounds' for . . . 'entitlement to relief' requires more than labels and conclusions . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### B. Section 1983 Elements

Under Section 1983,
> [E]very person who, under color of any statute ... custom, or usage of any State ... subjects, or causes to be subjected, any ... person within the jurisdiction of [the United States] to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

*Flores v. Cty. of Los Angeles*, 758 F.3d 1154, 1158 (9th Cir. 2014) (citing *Monell v. Dep't of Soc. Svcs. of the City of New York*, 436 U.S. 658, 694 (1978) and other cases). To plead a Section 1983

---

[1] Plaintiff also asserts a number of claims under California law, including claims for negligence against all Defendants; for violation of California Civil Code section 52.1 against all Defendants; for false imprisonment against Cantando based on his failure to lawfully arrest Plaintiff; and for intentional and negligent infliction of emotional distress against Hewitt. *Id*., Third through Seventh Causes of Action. None of Plaintiff's state causes of action provide the basis for diversity jurisdiction because the Defendants are California citizens. Because the Court finds Plaintiff fails to state a federal claim, it does not screen Plaintiff's state law claims at this juncture.

claim against an individual, Plaintiff must allege (1) the conduct that harmed him was committed under color of state law (i.e., state action), and (2) the conduct deprived him of a constitutional right. *See Ketchum v. Alameda Cty.*, 811 F.2d 1243, 1245 (9th Cir. 1987). "Neither state officials nor municipalities are vicariously liable for the deprivation of constitutional rights by employees." *Flores*, 758 F.3d at 1158. Therefore, to plead a Section 1983 claim against a municipality for a violation of constitutional rights resulting from governmental inaction or omission, Plaintiff must allege (1) he possessed a constitutional right of which he was deprived; (2) the municipality had a policy; (3) this policy amounts to deliberate indifference to Plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Plumeau v. Sch. Dist. #40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Moreover, municipalities are not liable under Section 1983 if they do not have the power to remedy the alleged violation. *See Estate of Brooks v. United States*, 197 F.3d 1245, 1248-49 (9th Cir. 1999) (upholding dismissal of § 1983 excessive detention claim against county because under state statute county did not have power either to release federal detainee or bring him before federal judge).

Plaintiff must demonstrate that each Defendant personally participated in the deprivation of his rights. *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must also make factual allegations sufficient to state a plausible claim for relief. *See Twombly*, 550 U.S. at 555; *Iqbal,* 129 S.Ct. at 1949-50; *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009).

## DISCUSSION

**A.     The SAC Fails To State A Claim**

The SAC continues to suffer from the same deficiencies the Court previously identified in its orders dismissing the original complaint and the FAC.

Plaintiff alleges Hewitt inappropriately pursued a relationship with Plaintiff's wife and removed evidence from the APD, but fails to allege that Hewitt was the cause, or part, of the June 2015 raid at his home. The raid appears to form the basis for Plaintiff's Section 1983 claims. *See* SAC ¶ 27 (alleging Hewitt deprived Plaintiff of right to be free from unreasonable search and seizures, including the right to be free from excessive force; right not to be deprived of liberty without due process of law; right to enjoy civil and statutory rights). If Plaintiff's Section 1983

6

claim is based on the removal of a Macy's gift card from evidence by Hewitt or Hewitt's inappropriate contact with Plaintiff's wife, Plaintiff does not appear to allege those actions violate his constitutional rights.

To the extent Plaintiff's Section 1983 claim is based on Cantando's failure to discipline Hewitt for his inappropriate contact with Plaintiff's wife or with respect to the removal of the Macy's gift card from evidence, Plaintiff fails to allege that Cantando knew or should have known of Hewitt's misconduct, or that the failure to discipline for this conduct amounts to a violation of Plaintiff's constitutional rights. If his claim against Cantando is based on Cantando's failure to discipline Doe Defendants for other violations[2], Plaintiff fails to plead those other violations with particularity, and fails to plead that Cantando's failure to discipline the Doe Defendants constitutes a constitutional violation.

None of the policies or practices Plaintiff alleges in the SAC to plead his Section 1983 claim against Antioch pertain to Hewitt's inappropriate relationship with Plaintiff's wife or the removal of evidence. *See* SAC ¶¶ 30-35 (false reports; excessive force; misusing criminal justice system to obtain privileged and private information to discredit victims; allowing personnel to disperse false information to cover officer's wrongdoings; inadequately and improperly investigating citizen complaints). As such, Plaintiff fails to allege a policy or practice of Antioch was the moving force behind the violation of Plaintiff's constitutional rights by Hewitt. Plaintiff also has failed to plead sufficient facts to show that any Defendant violated his constitutional rights during the June 2015 raid on his home in ways that relate to the policies he identifies in the SAC.

In short, Plaintiff still has not provided a short and plain statement he is entitled to relief

---

[2] To the extent Plaintiff's Section 1983 claim is based on the conduct of Doe Defendants in connection with the June 2015 raid, his arrest, or his subsequent detention, Plaintiff fails to allege facts sufficient to show those Does Defendants violated his constitutional rights. Plaintiff alleges the "raid" was conducted based on false allegations, but he does not allege the Doe Defendants who conducted the raid knew or should have known the report was false; he also does not allege details sufficient to show the Doe Defendants used excessive force. He simply fails to allege with any particularity what the Doe Defendants did, and his allegations are no "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.

1    under Section 1983 with respect to Hewitt, Cantando, Antioch, or any of the Doe Defendants.

2    Plaintiff's Section 1983 claims again must be dismissed.

3      Finally, to the extent Plaintiff's CTCA claim relates to claims of excessive force or

4    wrongful arrest arising out of the June 2015 raid, his claim accrued in June 2015, not when the

5    case against him was dismissed in February 2016. *See* Second Screening Order at 6-7 ("Plaintiff's

6    harm did not necessarily accrue when "the criminal case involving Hewitt" was dismissed—

7    rather, it would have accrued when Plaintiff knew or had reason to know Detective Hewitt injured

8    him, and when Plaintiff was harmed by that injury.") (citing *Pooshs v. Philip Morris USA, Inc.*, 51

9    Cal. 4th 788, 797 (2011) (citation omitted) and *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir.

10   2001)). Plaintiff alleges the claim did not accrue until the dismissal of the probation violation

11   proceedings because that is "officially when all damages finally accrued." SAC ¶ 2. That is not

12   the standard. Plaintiff's claim accrued when he knew or had reason to know he was injured by the

13   false arrest or use of excessive force in June 2015; a mere continuing impact of those original

14   violations is not actionable. *Knox*, 260 F.3d at 1013. To the extent Plaintiff submitted a CTCA

15   claim based on other wrongs (e.g., Hewitt's inappropriate conduct with Plaintiff's wife or

16   withdrawal of evidence), Plaintiff fails to allege this in the SAC.

### B.     Leave to Amend

The Court will grant Plaintiff leave to amend one final time. In any amended pleading, Plaintiff must identify with particularity how Hewitt and Cantando personally participated in the violation of Plaintiff's constitutional rights. If Plaintiff seeks to assert claims against Doe Defendants, he similarly must describe the conduct of those defendants with sufficient particularity to show how the Does personally participated in the violation of his constitutional rights.

Additionally, municipalities like Antioch are not subject to vicarious liability under Section 1983 solely on account of the actions of their employees; they may be subject where the municipality, under color of some official policy, causes one of its employees to violate another's constitutional rights. *Monell*, 436 U.S. at 692. "One way to establish a claim under *Monell* is to prove that an officer 'committed the alleged constitutional violation pursuant to a formal

governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity.' In the alternative, *Monell* liability may be established where the 'individual who committed the constitutional tort was an official with final policy-making authority' or 'an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Wilson v. Florida Dep't of Rev.*, 2015 WL 136557, at *6 (N.D. Cal. Jan. 8, 2015) (internal citations omitted). Plaintiff must allege facts sufficient to show Antioch violated Section 1983 according to these standards.

Finally, Plaintiff also must plead facts sufficient to show he timely submitted his CTCA claim by showing his claims accrued within 6 months of the time he submitted the claim.

## CONCLUSION

The Court DISMISSES Plaintiff's SAC once more for failure to state a federal claim. Plaintiff is granted leave to amend a third and final time. Any amended complaint must be filed no later than February 27, 2017.

**IT IS SO ORDERED.**

Dated: January 30, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge